[In Bank.—September 21, 1883.]

## GEORGE H. SMITH, PLAINTIFF, v. JOHN P. DUNN, STATE CONTROLLER, DEFENDANT.

CONSTITUTIONAL LAW — SUPREME COURT REPORTER — SALARY. — The Act of the Legislature of the 13th of March, 1883, making an appropriation to pay the salary of the reporter of the decisions of the Supreme Court during a certain period before the amount of the salary had been fixed, is not in violation of the Constitution.

APPLICATION for a writ of mandamus to compel the defendant, as controller of State, to issue a warrant for the salary of plaintiff, as reporter of the decisions of the Supreme Court. The facts appear in the opinion of the court.

*Glassell, Smith & Patton,* for Plaintiff.

*Attorney-General,* for Defendant.

McKEE, J. — By an act of the legislature entitled "An Act to pay the salary of the reporter of decisions of the Supreme Court for the period elapsing from January 7 to July 1, of the year 1880," the sum of $1,208.33 was appropriated out of any moneys in the State treasury, not otherwise appropriated, to pay to the petitioner the salary due him for services as such reporter during the time specified. The act took effect on the 13th of March, 1883. Appropriation of the sum allowed by the law has, in fact, been made, and the money is now in the State treasury for the purpose of the law; but the controller of State refuses to draw his warrant for it in favor of the petitioner, because, as it is contended, the law conflicts with section 32, article iv., of the Constitution, which prohibits the legislature from granting any *extra* compensation or allowance to a public officer, and also subdivision 29, section 25, article iv., which prohibits special legislation affecting the salary of any officer. But there is nothing in the title, or the body of the act which expresses an intention to increase or diminish the salary of the officer, nor to appropriate money to him as extra compensation for official services. The entire scope of the act, as expressed in the title and in the act itself, is to fix and provide for the payment of the salary of the officer for the time specified in the act. Legislation

for that purpose is not prohibited by the Constitution, unless the salary itself which constituted the subject of legislation, had been already fixed, provided for, or paid. If it had been, then the allowance of any additional sum for the same purpose would be in the nature of extra compensation, and the act allowing it would be unconstitutional and void. But the salary of the plaintiff for the time specified in the act had not been fixed, provided for, or paid. The facts are: On the 7th of January, 1880, the petitioner was appointed reporter of the decisions of the Supreme Court. As such he qualified and entered upon the duties of his office. By the Constitution of the State, under which the appointment was made and accepted, he was to receive a salary "not to exceed $2,500 per annum, payable monthly." (Art. vi., § 31.) In dealing with that provision the legislature passed an act fixing the salary at $2,500 per annum, the constitutional limit, and that sum was appropriated for the payment of the annual salary; but the act did not take effect until July 1, 1880; there was therefore an interim during which the salary had not been provided for by law. But the plaintiff was entitled to his salary during that time, because when he entered into office he consented to the terms proposed by the State as to his compensation, i. e., that he would receive a salary not exceeding $2,500 annually, payable monthly; and there arose such a legal relation between him and the State as gave him a public right to have his compensation fixed, within the constitutional limit, by legislative enactment. And when the legislature did, by the Act of 1880, fix the annual salary of the office and provide for its payment, except as to the time of nearly six months, which had intervened between the date of the appointment to the office and the taking effect of the law, there still remained a portion of the salary, due for that time, for which the plaintiff had a valid and subsisting claim against the State, and for the payment of that claim the legislature was authorized, by section 29, art. iv., of the Constitution, to make an appropriation. The Act of 1883 was passed for that purpose, and we find in it nothing which conflicts with any of the provisions of the Constitution.

*Smith* v. *Kenfield*, 57 Cal. 138, is not opposed to the views expressed or the conclusion reached in this case in that the

facts were not the same or similar. The case is therefore inapplicable.

Let the writ issue.

MYRICK, J., SHARPSTEIN, J., and THORNTON, J., concurred.

ROSS, J., concurred in the judgment.

McKINSTRY, J., specially concurring. — I concur in the judgment. When the legislature fixed the salary of the reporter he became entitled to demand and receive compensation at that rate from the commencement of his term so soon as the legislature should appropriate moneys for that purpose. By the Act of March 13, 1883, moneys were appropriated for the payment of his salary from the commencement of his term to the date when the act fixing his salary took effect.